### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 1:21-cr-00321 (JEB) |
| v. | : | JUDGE BOASBERG |
| CALEB JONES, | : | |
| Defendant. | : | |

### <u>DEFENDANT'S SENTENCING MEMORANDUM</u>

Defendant Caleb Jones, through undersigned counsel, respectfully submits the following

Sentencing Memorandum for the Court's consideration.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY CO., L.P.A.
Ohio Supreme Court No. 0030772
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax
shamanskyco@gmail.com

Counsel for Defendant

## MEMORANDUM

On September 21, 2021, Defendant entered a plea of guilty to Count Four: Pandering, Demonstrating, or Picketing in a Capitol Building, a Class B misdemeanor in violation of 40 U.S.C. § 5104(e)(2)(G). By entering this plea, Mr. Jones faces, *inter alia*, a maximum term of six months imprisonment and a fine of not more than $5,000, along with agreed restitution in the amount of $500. ECF 18 (Plea Agreement). Defendant acknowledges that U.S. Probation Officer Steven Guttman has provided a thorough and accurate rendition of the factual and procedural background of this case and takes no issue with the same. ECF 21 (Final Presentence Investigation Report). Mr. Jones further appreciates the Sentencing Recommendation submitted by U.S. Probation Officer Robert Walters. Doc. 22 (Recommendation of Final Presentence Investigation Report).

In light of his background and the specific factual circumstances of this case, Defendant respectfully agrees with Probation Officer Walters that a twenty-four-month period of probation would provide just and reasonable punishment. Defendant urges the Court to consider the following factors in determining a reasonable sentence.

### Application of 18 U.S.C. § 3553

In defining "reasonableness," Congress has directed that criminal sentences must achieve four purposes: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (2) to afford adequate deterrence to criminal conduct, (3) to protect the public from further crimes of the defendant, and (4) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in an effective manner. *See* 18 U.S.C. § 3553(a)(2). In addition, § 3553 requires a sentencing court to consider "the need to avoid unwanted sentence disparity among defendants with similar records

who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6).  Moreover, § 3553 provides that the sentence shall be "no greater than necessary . . . to comply with the purposes of punishment . . . ." *See* 18 U.S.C. § 3553(a).

In the case *sub judice* and pursuant § 3553, three considerations warrant imposition of a sentence of probation in this case: (1) Defendant's history and personal characteristics, §3553(a)(1), (2) the need for the sentence imposed to reflect the seriousness of the crime and to provide just punishment for the offense, § 3553(a)(2)(A), and (3) the need for the sentence imposed to afford adequate deterrence and protect the public from future crimes committed by the defendant, § 3553(a)(2)(B) and (C).

### Defendant's History and Personal Characteristics - § 3553(a)(1)

Defendant is twenty-three years old and a lifelong resident of southern Ohio. In his youth, he enjoyed the benefit of a middle-income upbringing with caring parents who provided a warm, loving environment for Mr. Jones and his three sisters. Both Mr. Jones and his family have maintained these strong familial bonds despite the separation of his parents in 2015. In school, Defendant received average grades and has pursued, but not yet completed, a college education in journalism and psychology. Mr. Jones also possesses a strong work ethic, having maintained full-time employment for much of his adult life when not in school. Most recently, Defendant was employed by LaborMax Staffing, though he was terminated from that position after taking an unauthorized day off work following the death of his father, who died from COVID-related complications in August of 2021.

Mr. Jones has, on numerous occasions, displayed an interest in writing as well as recording the experiences of others, two interests that his mother believes contributed to his presence at the

Capitol on January 6, 2021. He is outgoing, helpful, and relates well to others. Prior to the instant matter, Defendant enjoyed a spotless criminal record.

**Need for the Sentence to Reflect the Seriousness of the Crime,**
**Promote Respect for the Law, Provide Just Punishment,**
**Deter Criminal Conduct, and Protect the Public - § 3553(a)(2)**

Mr. Jones acknowledges that the events of January 6, 2021, were shocking and reprehensible. Moreover, he understands that his own presence and participation at the U.S. Capitol, particularly scaling the exterior wall, contributed to the disorder and danger created by the crowd's unlawful entry. It is notable, however, that Defendant takes no pride in his unlawful conduct. Rather, he almost immediately came to regret not only his actions, but his very presence at the Capitol. Since then, Mr. Jones has done everything in his power to repudiate his illegal behavior. He has cooperated fully with law enforcement, expressed genuine remorse, and timely indicated his desire to take full responsibility through a plea of guilty.

With respect to the factors discussed by the government, and without any intention to minimize the impact of his unlawful entry or method of access, Defendant respectfully submits that his presence in the U.S. Capitol on January 6, 2021, was primarily passive in nature, and substantively involved capturing video footage of the events on his phone. As reflected by the government's Sentencing Memorandum, Defendant's use of the phone is visible in several photographs. ECF 23, pp. 4, 6-7. It is also important to note that Defendant did not post any images or videos to social media, nor did he use them in any way to encourage or condone the conduct of the individuals around him. *Id.*, p. 11.

At no time before, during, or after his entrance into the U.S. Capitol did Defendant participate in the destruction of any property or evidence, nor did he encourage any other individuals to engage in such conduct. He avoided entry into any specific offices or rooms, but

4

rather remained in the main hallways. Most important of all, Mr. Jones did not engage in any violence or utilize any force inside the U.S. Capitol, nor did he encourage any other individuals to engage in violence or the use of force.

While Defendant's conduct was unquestionably unlawful and dangerous, it is also clear that his actions and motivations were significantly less serious than those who played an active role in gaining access to the U.S. Capitol, or those who exploited their access to the building to engage in further acts of destruction. Even the government acknowledges that, but for scaling the side of the building, "Jones did not do any other disruptive conduct on January 6." ECF 23, p. 18.

Defendant acknowledges that, beyond punishment and protecting the public, one of the additional purposes of sentencing is to deter the individual and members of the public from future violations of law. Respectfully, Defendant is deeply ashamed of his conduct and has done everything in his power to accept responsibility and ensure that both he and others are held to account. He has absolutely no interest in future illegal conduct or having any further contact with the criminal justice system. As such, while Mr. Jones cannot speculate as to what value his specific sentence may have as a deterrent to others, he respectfully submits that a term of probation will adequately deter him from any future criminal conduct. 18 U.S.C. § 3553(a).

## **CONCLUSION**

Mr. Jones regrets that his actions contributed to the dangerous and chaotic events of January 6, 2021. He is deeply ashamed of his behavior and, while he cannot undo the past, he has done everything in his power to repudiate his illegal actions and take responsibility for his involvement. Respectfully, based on his personal history, characteristics, limited involvement and, most importantly, his genuine remorse, Mr. Jones respectfully submits that a three-month period of home detention is not necessary in this case, and that the twenty-four-month period of

supervision as recommended by the Probation Office will adequately fulfill the principles and purposes of sentencing as set forth in 18 U.S.C. § 3553.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY CO., L.P.A.
Ohio Supreme Court No. 0030772
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax
shamanskyco@gmail.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorney Brittany L. Reed, 650 Poydras Street, Suite 1600, New Orleans, Louisiana 70130, on November 30, 2021. An additional copy has been sent via electronic mail.

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY